UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BANDIT INDUS., INC., and
TRAMOR, INC.,
Michigan Corporations

          Plaintiffs,

v.                                       CIVIL CASE NO. 07-11401

WOODSMAN, INC.,                HONORABLE PAUL V. GADOLA
a Michigan Corporation, and        U.S. DISTRICT JUDGE

ELECTRONIC SOLUTIONS OF
HARRISON, LLC,
a Michigan limited liability company

          Defendants.
_____/

**ORDER**

Now before the Court are Defendant Woodsman, Inc. ("Woodsman") and Electronic Solutions of Harrison, LLC's ("ESH") motions to stay the case or, in the alternative, to transfer to the District of South Carolina. For the reasons stated below, the Court denies Defendants' motions.

**I. Background**

Plaintiff Tramor, Inc. ("Tramor") is the owner of United States Patent Nos. 6,814,320 and 6,830,204 (the "320 patent" and "204 patent," respectively). Each pertains to a reversing automatic feed wheel assembly for wood chippers. Bandit Industries, Inc. ("Bandit") is the exclusive licensee of both of these patents. Tramor and Bandit allege that ESH sold controls and control systems to Woodsman and D.A.F. Inc., d/b/a J.P. Carlton Company, ("Carlton") that infringe the '320 and '204 patents when the controls and control systems were installed in Woodsman and Carlton wood

chippers. Carlton has since been dismissed from this cause of action.

Before the present action was filed in this Court, Carlton filed a pair of actions against Bandit in the District Court for the District of South Carolina. Those actions arose in response to a cease and desist letter sent from Bandit to Carlton regarding the two patents. The South Carolina actions seek declaratory judgments that the '320 and '204 patents are invalid and that Carlton does not infringe the patents. The District Court for the District of South Carolina denied Bandit's motions to transfer the South Carolina actions to the Eastern District of Michigan. The Court also ruled that neither Woodsman nor ESH are indispensable parties to the South Carolina actions. The District Court for the District of South Carolina set the matters for trial in March, 2008.

Defendants Woodsman and ESH have both moved this Court to stay these proceedings pending a determination on the merits of the South Carolina actions. Defendants assert that although the parties in the South Carolina actions are not the same as those before this Court, liability in both districts is premised on the same basic facts, in particular that the controllers sold by ESH infringe the '320 and '204 patents when installed on certain models of wood chippers. Defendants argue that because the litigated issues relating to liability will be virtually identical in the actions before both courts, allowing the actions to proceed simultaneously would create an unnecessary waste of resources of the parties and the courts, as well as impose a significant risk of inconsistent decisions. Therefore, Defendants ask this Court to stay the Michigan proceedings until there is a resolution of the South Carolina actions. In the alternative, Defendants ask this Court to transfer the case to the District of South Carolina so that the actions may be considered together.

Plaintiffs argue that a stay is not appropriate because there is little overlap of the cases and

issues under consideration. First, Plaintiffs argue a stay is not warranted because the separate actions involve different parties. More specifically, neither ESH nor Woodsman, parties before this Court, are parties to the South Carolina suit. Carlton, a party in the South Carolina suit, was once a party before this Court but has since been dismissed from the Michigan cause of action. Second, Plaintiffs argue that Woodsman's products, at the center of the Michigan suit, are different from Carlton's products, those at the center of the South Carolina dispute. Finally, Plaintiffs argue that there is no risk of inconsistent verdicts because the suits involve different parties and different products; a finding of infringement in the South Carolina lawsuit does not mandate a finding of infringement in the Michigan lawsuit.

## II. Legal Standard

### A. Motion to Stay

The first-to-file rule is a well established doctrine that encourages comity among federal courts of equal rank. *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.*, 16 F. App'x 433, 437 (6th Cir. 2001). The rule generally states, "[W]hen actions involving nearly identical parties and issues have been filed in two different [federal] district courts, 'the court in which the first suit was filed should generally proceed to judgment.'" *Id.* (quoting *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984)). *See also Smith v. McIver*, 9 Wheat. 532; 22 U.S. 532, 535 (1824) ("[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it."). However, the first-to-file rule is not a blanket rule and the district courts may dispense with it as equity so requires. *Zide Sport Shop*, 16 F. App'x at 437. When evaluating whether to apply the rule, district courts are to consider several factors that weigh against adherence. "Factors that weigh

against application of the [first-to-file] rule include 'extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping,' " *Nartron Corp. v. Quantum Research Group, Ltd.*, 473 F. Supp. 2d 790, 795 (E.D. Mich. 2007) (quoting *Zide,* 16 Fed. App'x. at 437), as well as significant policy considerations. *See AmSouth Bank v. Dale*, 386 F.3d 763, 791 n.8 (6th Cir. 2004). A party seeking a stay in proceedings must establish "a clear case of hardship or inequity" before a court determines that a stay is proper. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

### B. Motion to Transfer

Courts have broad discretion to grant or deny a motion for transfer of venue under 1404(a). *Overland Inc. v. Taylor,* 79 F. Supp. 2d 809, 811 (2000)(Gadola, J.)(citing *Heller Fin., Inc. v. Midwhey Powder Co., Inc*., 883 F.2d 1286, 1293 (7th Cir. 1989)). Under § 1404(a), the Court may transfer a civil action to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Such a transfer may be granted "[f]or the convenience of parties and witnesses [and] in the interest of justice." *Id*. The factors that guide a district court's discretion when deciding whether to transfer a case include,

> (1) the convenience of witnesses; (2) the location of relevant documents and relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Overland Inc.,* 79 F. Supp. 2d at 811 (citing *Pilates, Inc. v. Pilates Institute, Inc.*, 891 F. Supp. 175, 183 (S.D.N.Y. 1995).

### III. Analysis

#### A. Motion to Stay

In the present case, there is no dispute that the two South Carolina declaratory actions were filed before the Michigan action. It is also not disputed that there is some relationship between ESH and Carlton and among ESH and Woodsman in that ESH allegedly sold controls and control systems to each company for incorporation in to various models of wood chippers which, when installed in those wood chippers, allegedly infringe the '204 and '320 patents. Defendant Woodsman asserts the parties are related because Carlton is a distributor of Woodsman wood chippers in South Carolina. Although there may be some relation among the parties involved in the Michigan and South Carolina actions, the actions do not involve, "nearly identical" parties and issues. *See Zide Sport Shop*, 16 F. App'x at 437. The South Carolina actions involve only Bandit and Carlton. Neither ESH nor Woodsman, both Michigan based businesses and both Defendants in the Michigan suit, are directly represented in the South Carolina actions. Carlton, the plaintiff in the South Carolina suits, is not involved in the Michigan suit in any manner. Therefore, even though the parties may be related, they are not "nearly identical" such that the Court should apply the first-to-file rule. Furthermore, the Michigan based Defendants have failed to establish that forcing them to litigate their case in Michigan presents "a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. Accordingly, for all the foregoing reasons the Court finds that a stay is not appropriate.

#### B. Motion to Transfer

In the alternative, Defendants have asked the Court to transfer the suit to the District Court for the District of South Carolina. Defendants argue that such a course of action will allow for

consolidation and coordination of discovery, pre-trial proceedings, and trial, thereby conserving resources of the parties and the federal courts and ensuring consistent decisions.

The Court finds that a transfer is not appropriate for several reasons. First, Plaintiffs have filed suit in this district, clearly establishing their preferred choice of forum. *See Overland Inc.,* 79 F. Supp. 2d at 811. Furthermore, all the parties in the Michigan suit are Michigan based entities. There is no indication that the majority of the witnesses and relevant documents, or the locus of operative facts, are centered anywhere other than Michigan. *See id.* Additionally, although Defendants assert that litigating the Michigan action and the South Carolina actions together would be more efficient, there is no assurance that even if the Michigan case was transfer to South Carolina that all the cases would be tried together in that court. The District Court for the District of South Carolina has already ruled that neither Woodsman nor ESH are indispensable parties to the present South Carolina actions. The South Carolina court also refused to transfer the South Carolina actions to this district. Therefore the Court is unable to conclude that a transfer would accomplish anything other than delay the more advanced South Carolina actions while the parties wrangle about possible consolidation of the suits in that district.

Considering the present facts under the relevant factors, Defendants have failed to demonstrate that "the convenience of parties and witnesses" and the "interest of justice" mandates a transfer. *See* 28 U.S.C. § 1404. Accordingly, the Court will deny Defendants' motion to transfer venue.

**IV. Conclusion**

For the foregoing reasons;

**IT IS HEREBY ORDERED** that Defendants' motions to stay or, in the alternative, to transfer venue [docket entries #13, 16] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant ESH's motion to stay pending a decision on the South Carolina Motions to Dismiss [docket entry #6] is **DENIED AS MOOT**.

**SO ORDERED.**

Dated:  September 21, 2007   s/Paul V. Gadola
HONORABLE PAUL V. GADOLA
UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  September 21, 2007 , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  John E. Benko; Daniel H. Bliss; Robert A. Bondra; Michael J. Forster; William F. Kolakowski, III, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                           .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845

---